In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-253 CR


NO. 09-06-254 CR


____________________



MARK HAGGER PENIGAR, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause Nos. 88487, 88448






MEMORANDUM OPINION


 Pursuant to plea bargains, Mark Penigar pleaded guilty to the felony offenses of
delivery of a controlled substance (cocaine) and aggravated robbery. The trial court assessed
ten years of deferred adjudication community supervision in both cases, but no fine. Penigar
was assessed court costs and various fees in both cases and required to perform community
supervision. Before Penigar completed his community supervision, the State filed a motion
to revoke in each case. At the hearing on said motions, the trial court found Penigar violated
certain terms of both community supervision orders, found Penigar guilty of aggravated
robbery and delivery of a controlled substance (cocaine), and assessed punishment at
confinement in the Texas Department of Criminal Justice, Correctional Institutions Division
for terms of thirty years and six years, respectively. 

 Penigar's appellate counsel filed a brief that presents counsel's professional
evaluation of the record and concludes the appeals are frivolous. See Anders v. California,
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Stafford v. State, 813 S.W.2d 503, 509-10 (Tex. Crim. App. 1991). Penigar filed a pro se response raising two issues: (1) abuse of
discretion by the trial court in revoking Penigar's community supervision because both
motions to revoke failed to provide fair notice of the conditions allegedly violated; and (2)
abuse of discretion by the trial court in denying Penigar's motion for new trial. 

 The Court of Criminal Appeals directs that the reviewing court not address the merits
of issues raised in Anders briefs or in pro se responses. Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex. Crim. App. 2005). An appellate court may determine either: (1) "that the
appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and
finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the
cause to the trial court so that new counsel may be appointed to brief the issues." Id. 

 We have independently reviewed the entire appellate record in both appeals, which
includes clerk's records, reporter's records of the original guilty-plea proceedings, sentencing
hearings, as well as the hearing on the motions to revoke. We have also reviewed the
appellate briefs filed by the State and Penigar's appellate counsel, as well as Penigar's pro
se brief. In light of the records before us, we find we must concur with appellate counsel's
conclusion that no arguable issues support an appeal in either case. The appeals are frivolous
as no reversible error is presented in either case. Therefore, we find it unnecessary to order
appointment of new counsel to re-brief the appeals. Compare Stafford, 813 S.W.2d at 511. 
Penigar is free to file petitions for discretionary review raising error by this Court in the
instant appeals. (1) We affirm the trial court's judgments.

 AFFIRMED. 

 
 __________________________________

 CHARLES KREGER

 Justice

Submitted on June 4, 2007

Opinion Delivered October 31, 2007

Do not publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. While Penigar has a right to file petitions for discretionary review with the Court
of Criminal Appeals, review is not a matter of right. See Bledsoe, 178 S.W.3d at 827 n.6
(citing Tex. R. App. P. 66.2; Tex. Const. art. V, § 5(b)).